An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SHANE DAVID PETERSON,
Appellant,
vs.
EVA CECILIA PETERSON,
Respondent.

No. 64479

FILED

SEP 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a fast track child custody appeal from a district court post-divorce decree order granting respondent's motion to relocate with the minor children. Eighth Judicial District Court, Family Court Division, Clark County; William B. Gonzalez, Judge.

Respondent was awarded primary physical custody of the parties' two minor children in the divorce decree. Thereafter, she filed a motion to relocate to her home country of Sweden, where the parties had married and one of the children was born. In support of her motion, respondent asserted that she held a Swedish law degree, which she was unable to use in the United States, but would be able to utilize it in finding a job in Sweden. The district court held an evidentiary hearing and granted respondent's motion. This appeal followed.

In reviewing a request to relocate filed by a parent with primary physical custody of the minor children, the district court must first determine whether the custodial parent and the children will both realize an actual advantage by relocating. *Jones v. Jones*, 110 Nev. 1253, 1265-66, 885 P.2d 563, 572 (1994) (noting that a sensible, good-faith

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30648

reason to move constitutes an actual advantage); *Schwartz v. Schwartz,* 107 Nev. 378, 382-83, 812 P.2d 1268, 1271 (1991). If the court finds an actual advantage, the court must then weigh the relevant factors set forth in *Schwartz. Trent v. Trent,* 111 Nev. 309, 314-15, 890 P.2d 1309, 1312-13 (1995). Under *Schwartz,* when determining whether to grant a parent's motion to relocate, the court must consider whether (1) the move will likely improve the custodial parent and the child's qualify of life; (2) the custodial parent's motives are honorable; (3) the custodial parent will comply with the court's visitation orders; (4) the noncustodial parent's motives for resisting the move are honorable; and (5) the noncustodial parent will have a realistic opportunity to exercise visitation if the move is approved, so that the parent's relationship with the child will be adequately fostered. 107 Nev. at 382-83, 812 P.2d at 1271.

Having considered the parties' arguments and the record on appeal, we conclude that the district court did not abuse its discretion in granting respondent's motion to relocate with the minor children. *Wallace v. Wallace,* 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews district court child custody decisions for an abuse of discretion). The record demonstrates that while the district court acknowledged the difficulty involved in allowing a parent to relocate to a foreign country with the minor children, the court conducted a lengthy analysis of respondent's basis for requesting the relocation and each of the *Schwartz* factors before granting respondent's motion. Further, despite appellant's assertion to the contrary, *Schwartz* does not require a change in circumstances to occur before a party seeks to relocate. *Schwartz,* 107 Nev. at 382, 812 P.2d at 1270 (explaining that "[r]emoval of minor

SUPREME COURT
OF
NEVAOA

(O) 1947A

children from Nevada by the custodial parent is a separate and distinct issue from the custody of the children"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. William B. Gonzalez, District Judge, Family Court Division
      Pecos Law Group
      Zernich Law Office
      Eighth District Court Clerk

---

[1]We have determined that this appeal should be submitted for decision on the fast track statement and response and the appellate record without oral argument. *See* NRAP 3E(g)(1); *see also* NRAP 34(f)(1).